ENTER" and "KEEP RIGHT" signs at the Bouck intersection, designed to divert southbound traffic from the northbound lane. In the exercise of reasonable care he was duty bound to observe those warning signs, which were properly erected and were clearly visible to him *(Hicks v State of New York,* 4 NY2d 1; *Weigand v United Traction Co.,* 221 NY 39). The intervention of Crowningshield's negligence broke any causal connection between the alleged original negligence of the State and the accident in such a manner as to become a new, independent and efficient cause thereof *(Dunn v State of New York,* 29 NY2d 313, 317–318; *Gralton v Oliver,* 277 App Div 449, affd 302 NY 864). The State cannot be properly charged with negligence contributing to the happening of the accident. (Appeal from judgment of Court of Claims in claim for damages for highway accident.) Present—Marsh, P. J., Moule, Mahoney, Dillon and Goldman, JJ.

■ ROBERT E. HAVRANEK et al., Respondents, v JACK B. HOSID et al., Doing Business as HOSID DEVELOPMENT COMPANY, et al., Appellants. (Appeal No. 1.)—Order unanimously affirmed, with costs upon the opinion at Special Term, Miller, J. (Appeal from order of Onondaga Supreme Court in breach of contract action.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ ROBERT E. HAVRANEK et al., Respondents, v JACK B. HOSID et al., Appellants. (Appeal No. 2.)—Order unanimously affirmed upon the opinion at Special Term, Miller, J. (Appeal from order of Onondaga Supreme Court denying motion to strike interrogatories.) Present—Moule, J. P., Cardamone, Simons, Dillon and Witmer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILBERT THOMPSON, Appellant.—Judgment unanimously reversed, on the law, and case remitted to Erie Supreme Court for further proceedings in accordance with the following memorandum: Defendant contends in this appeal that the trial court erred in refusing to allow him to withdraw his plea of guilty to criminal sale of a controlled substance in the third degree (Penal Law, § 220.39, subd 1). We agree. Defendant was indicted for the possession and sale of heroin, without having had a preliminary hearing. The bill of particulars furnished by the People recited that the crime took place between 11:00 P.M. and 12:00 midnight at Masten and Eaton Streets in the City of Buffalo. Thereafter the defendant entered a plea of guilty to the "sale" count in satisfaction of the entire indictment. During the plea proceeding defendant described the offense by stating that at about 9:00 P.M. on a date that he was unable to recall, he gave two bags of heroin to a person while he was in the Roosevelt Apartments at 12 Carlton Street. No question was raised by either party or the court concerning the disparities between defendant's admissions and the allegations contained in the bill of particulars. At the time of sentencing, defendant moved to withdraw the plea, stating that he had learned during the presentence interview with a probation officer that the crime charged took place at Masten and Eaton Streets and included a monetary exchange. He stated that he was not involved in that transaction. All of the circumstances herein are consistent with and lend support to defendant's position that at the time of his plea he was not aware of the alleged conduct which resulted in his indictment. It appears that defendant admitted criminal responsibility for acts which were not charged in the indictment. It cannot, therefore, be concluded that his guilty plea represented an intelligent and voluntary choice of alternatives *(North Carolina v Alford,* 400 US 25, 31); that it was entered with sufficient awareness of the relevant circumstances *(Brady v United States,* 397 US